DAVID G. CONRAD ET AL., PLAINTIFFS, v. ABRAM GER-
BER ET AL., DEFENDANTS.

Argued October 8, 1925—Decided April 29, 1926.

**Negligence—Carelessly Starting Fire which Damaged Plaintiff's
Property—Both Sides Ask to Set Verdict Aside, Plaintiff's
Because of Insufficiency of Award, Defendant's Because Ver-
dict was Against Weight of Evidence—New Trial Ordered.**

On rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the plaintiffs, *Howard Ewart.*

For the defendants, *Palmer & Powell.*

PER CURIAM.

This action was tried at the Burlington Circuit, and had
for its purpose the recovery of damages to timber, lumber,
sawmill and machinery of the plaintiffs, which were burned
by a fire alleged to have been caused by the negligent manner
in which the defendants set and guarded a fire in their cran-
berry bog. The trial of the cause resulted in a verdict in
favor of the plaintiffs for $4,273.56.

Both parties to the action have rules to show cause why
this verdict should not be set aside.

The plaintiffs under their rule urge that the jury improp-
erly assessed their damages and that the verdict is inade-
quate and should be set aside and a new trial had as to dam-
ages only.

On the other hand, the defendants contend that the ver-
dict in fixing liability upon them for the fire which de-
stroyed plaintiffs' property is against the weight of the evi-
dence, and should therefore be set aside and a new trial had
as to all the issues.

Both parties agreeing that the verdict reflects the unfitness of the jury to pass properly upon the issues strengthens our conclusions, reached after an examination of the proofs, that the verdict must be set aside and a new trial had as to all the issues.

Both rules are therefore made absolute, and a *venire de novo* will issue.